IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANUEL DEWAYNE PARKER, § | |
| TDCJ-CID NO. 1305229, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. H-10-0418 |
| § | |
| RICK THALER, § | |
|     Respondent. § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner, proceeding *pro se*, seeks federal habeas relief from his 2005 conviction for aggravated sexual assault in the 351st State District Court of Harris County, Texas, in cause number 1004081. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.  PROCEDURAL HISTORY

Petitioner was convicted on January 5, 2005, in the 351st Criminal District Court of Harris County, Texas, of the felony offense of aggravated sexual assault and sentenced to ninety-nine years imprisonment. (Docket Entry No.1). Petitioner's conviction was subsequently affirmed, and his Petition for Discretionary Review ("PDR") was refused on September 27, 2006. Parker v. State, No. 14-05-00081-CR, 2006 WL 1490103 (Tex. App.-Houston [14th Dist.] 2006, pet. ref'd). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R.

13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about December 27, 2006. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the 351st Criminal District Court on July 17, 2009. (Docket Entry No.1). The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on September 2, 2009. <u>Texas Court website.</u>[1] Petitioner executed the pending federal petition for a writ of habeas corpus in January 2010. (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

1. The state district court admitted perjured testimony of extraneous acts during the punishment phase of trial;

2. Petitioner was denied the effective assistance of counsel at trial;

3. All minority venire persons were excluded from the jury; and,

4. The state's witness gave false testimony regarding petitioner's identity.

(Docket Entry No.1).

---

[1] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2381990

II. <u>ONE-YEAR STATUTE OF LIMITATIONS</u>

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

>counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. See Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about December 27, 2006, the last day petitioner could have filed a petition for a writ of *certiorari* with the Supreme Court of the United States. Sup. Ct. R. 13.1. That date triggered the one-year limitations period which expired on December 27, 2007. Because petitioner's state application for habeas corpus relief was not filed until July 17, 2009, after the expiration of the December 27, 2007 deadline, the tolling provisions found in § 2244(d)(2) do not apply. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations

4

period).

In his response to the Court's Order of March 11, 2010, ordering petitioner to file a written statement addressing the limitations bar and equitable tolling (Docket Entry No.4), petitioner claims that his petition is not time-barred. Petitioner claims the limitations period to file a federal habeas petition does not expire until a year after the Texas Court of Criminal Appeals enters an order on his state habeas application. (Docket Entry No.6). The time limitations statute, however, clearly states that the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner does not seek equitable tolling of the limitations period. (Docket Entries No.1, No.4). Moreover, petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C), (D).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a

6

certificate of appealability, *sua sponte*, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV. <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

Signed at Houston, Texas, on _April 21_, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE